**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| FASTER THAN PRIME<br>572 Rising Sun Road, Suite 102, Rising Sun,<br>Cecil County, Maryland 21911<br><br>AND<br><br>1984 GROUP LLC,<br>5 Cordwood Cir, Carver, MA 02330<br><br>                       Plaintiffs,<br><br>    v.<br><br>MAD DOG LLC<br>910 Foulk Road, Suite 201, Wilmington,<br>Delaware 19803<br><br>AND<br><br>ARIEL DOR,<br>910 Foulk Road, Suite 201, Wilmington,<br>Delaware 19803<br>                        Defendants. | Civil Action No. 25-cv-652<br><br>**COMPLAINT AND**<br>**<u>JURY TRIAL DEMAND</u>**<br><br>*Electronically Filed* |

Plaintiffs Gregory E. Purdy dba Faster Than Prime ("FTP") and 1984 Group LLC ("1984 Group") (collectively, "Plaintiffs"), by and through their counsel, for their Complaint against Mad Dog LLC dba Hot Feet ("Hot Feet") and Ariel Dor ("Dor") (collectively, "Defendants"), allege as follows:

**INTRODUCTION**

1.      Defendants are engaged in a scheme to manipulate, fix, and control the pricing for consumer products on online marketplaces.

2.      In furtherance of the scheme, Defendants knowingly and deliberately submit false reports of intellectual property infringement to online platforms, including Amazon.com, in order to prevent third parties from reselling genuine products on the marketplace at competitive prices.

3.      Defendants' nefarious actions cause consumers to pay more for common goods, undermine Amazon's competitive pricing policies, and intentionally caused harm to Plaintiffs.

4.      This action seeks redress for these tortious, defamatory, and anticompetitive activities.

## PARTIES

5.      Plaintiff FTP is a sole proprietor that has a place of business at 572 Rising Sun Road, Suite 102, Rising Sun, Maryland 21911.

6.      Plaintiff 1984 Group is a company organized and existing under the laws of Massachusetts with a place of business at 5 Cordwood Cir, Carver, MA 02330.

7.      On information and belief, Defendant Hot Feet is a company organized and existing under the laws of Delaware and maintains a principal place of business at 910 Foulk Road, Suite 201, Wilmington, Delaware 19803.

8.      On information and belief, Defendant Dor is an individual affiliated with Defendant Hot Feet that assisted in carrying out the unlawful acts described herein.

## JURISDICTION AND VENUE

9.      The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367.

10.     Defendants are subject to specific jurisdiction in this Court, *inter alia*, because they conduct business in the District and have committed at least some of the acts complained of herein within this District.

11.     On information and belief, Defendant Hot Feet does business in the State of Maryland, sells large quantities of various products, including apparel products, to customers in Maryland, engages distributors based in Maryland, maintains an interactive website accessed by residents of Maryland, and otherwise avails itself of the privilege of doing business in the State of Maryland.

12.     Each of the Defendants have purposely directed their activities, including the illegal acts against Plaintiff described below, toward this District, and this action arises from those activities.

13.     Venue in this District is proper under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District and the Defendants are subject to personal jurisdiction in this District.

## BACKGROUND FACTS

14.     On information and belief, Defendant Hot Feet is in the business of manufacturing and distributing apparel products, including products sold under the Hot Feet marks ("Hot Feet Products").

15.     On information and belief, Defendant Hot Feet is the owner of Trademark Registration Nos. 5208794 for HOT FEET ("the Hot Feet Registration").

16.     On information and belief, Defendant Dor is an employee or agent of Hot Feet that assisted in carrying out the illegal acts described herein.

17.     Plaintiffs are in the business of lawfully acquiring and re-selling various consumer products for profit.

18.    Plaintiffs resell products through an Amazon storefront.

19.    Since their formation, Plaintiffs has served thousands of customers through its Amazon storefront.

20.    Defendants' illegal actions have irreparably damaged, and threaten to destroy, Plaintiff's successful business.

## ONLINE MARKETPLACES

21.    Upon information and belief, Amazon is the world's largest online retailer.

22.    According to published reports, Amazon is worth more than the next eight largest retailers located in the United States combined. *See* JP Mangalindan, *Amazon is now worth more than America's 8 largest retailers combined*, Yahoo Finance (Jan. 25, 2017), https://finance.yahoo.com/news/amazon-is-now-worth-more-than-americas-8-largest-retailers-combined-124101625.html.

23.    Amazon's online e-commerce platform allows for third-parties, like Plaintiffs, to sell products on its e-commerce platform.

24.    The privilege of selling on Amazon is highly advantageous, as Amazon provides third-parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

25.    Since its formation, Plaintiffs have had a contractual and business relationship with Amazon, such that Plaintiffs were permitted to sell products on Amazon's e-commerce platform.

26.    Third-party sellers, like Plaintiffs, create online storefronts on Amazon. When a customer buys a product on Amazon, the customer can see the online store from which the customer is purchasing a product. Thus, Plaintiffs have the online equivalent of a brick-and-mortar store.

27.     A significant portion of Plaintiffs' business is derived from the sale of products on Amazon and, in particular, through its Amazon storefront.

28.     Once Plaintiffs acquire products from reputable sources, Plaintiffs resell the same products on Amazon at a profit.

29.     In general, transactions on Plaintiffs' Amazon storefront are completed by Amazon, whereby Amazon ships Plaintiffs' products from an Amazon warehouse (known as "Fulfilment by Amazon" or "FBA").

30.     Plaintiffs have invested significant efforts into building successful and reputable Amazon storefronts.

31.     Plaintiff FTP's Amazon storefront holds a near perfect customer rating.

32.     A small sample of Plaintiff FTP's recent reviews are shown below:

### Faster Than Prime

Visit the Faster Than Prime storefront

★★★★½ | **95% positive** in the last 12 months (106 ratings)

★★★★★  "Item arrived when promised"
By DMc on February 6, 2025.

★★★★★  "Fast shipping, item as described, perfect transaction"
By Pack Leader on January 24, 2025.

★★★★★  "Thanks"
By sunflower3232 on January 23, 2025.

★★★★★  "Gave as a gift for a family member as all out hunters have one and are very handy even for camping!"
By Frank T on January 19, 2025.

★★★★★  "Love this tool for my thin hair. Received overnight!"
By terriann on January 14, 2025.

33.     Likewise, Plaintiff 1984 Group's Amazon storefront holds a near perfect customer rating.

34. A small sample of Plaintiff FTP's recent reviews are shown below:



35. Any harm that comes to the relationship between Plaintiffs and Amazon creates a potential for serious and irreparable injury to Plaintiffs.

**DEFENDANTS ATTEMPT TO STIFLE COMPETITION BY FILING FALSE INTELLECTUAL PROPERTY COMPLAINTS**

36. On information and belief, Defendants seek to increase their profits by controlling the distribution and pricing of their products, including the Hot Feet Products, through unlawful means.

37. As demonstrated below, Defendants have engaged in a coordinated effort to preclude select third-parties from reselling genuine Hot Feet Products on online marketplaces by false allegations of intellectual property infringement and defamation.

38. On information and belief, the purpose of these false complaints and defamatory statements was to prevent Plaintiffs from selling genuine Hot Feet Products on Amazon.

39.     On information and belief, the purpose of these false complaints was to damage Plaintiffs' reputation and goodwill, such that Amazon would suspend or terminate its relationships with Plaintiffs.

40.     Because Plaintiffs sell only genuine products through their Amazon storefronts, Defendants have no legitimate intellectual property claim(s) against Plaintiffs.

41.     It is well-known among brand owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

42.     As one Amazon expert explained:

> In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable.
>
> ***Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.*** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.
>
> They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

*See* Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11, 2018), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/ (emphasis added).

43.     On information and belief, Defendants were, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

44.     On information and belief, Defendants were, at all relevant times, aware that Amazon will act on reports of trademark infringement, regardless of the truth of the report.

45.    Defendants filed complaints with Amazon that alleged that Plaintiffs were selling Hot Feet Products that infringed the Hot Feet Registration.

46.    Defendants knew, or should have known, that such allegations were false.

47.    Each complaint submitted to Amazon was signed under penalty of perjury by an employee or agent of Defendants.

48.    For example, when submitting an infringement report to Amazon, an intellectual property rights owner must read and accept the following statements:

> I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law.

> I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above.

Report Infringement, https://www.amazon.com/report/infringement (last visited October 31, 2019).

49.    Once identified through discovery, all other individual(s) responsible for the false intellectual property complaints described below, will be added as defendants in this action.

## **Reports Concerning Plaintiff FTP**

50.    Plaintiff FTP received a notice from Amazon stating as follows:

> Hello,

> We removed some of your listings because we received a report from a rights owner that they may infringe the rights owner's trademark. The rights-owner communication about the alleged infringement and the listings we removed are at the bottom of this message.

> Why did this happen?
> We received a report from a rights owner that one or more of your listings are inauthentic. Listing content infringing on the intellectual property of others is against our policies.

> How do I reactivate my listing?
> Provide the following to reactivate your listings:

A. A letter of authorization or a licensing agreement from the rights owner demonstrating that you possess the right to use the content claimed. The documentation submitted must meet the following criteria.
-- The document includes the name and address of the rights owner.
-- The document includes your name and address, matching the information in your selling account.
-- The document explicitly authorizes you to use the rights owner's intellectual property with your own brand name.
B. An invoice to show that your products are original and are purchased from the rights owners directly or from an authorized distributor and are not infringing the trademark claimed by the rights owner. The documentation submitted must meet the following criteria.
-- Dated before the date of your notice.
-- Includes your name and address, matching the information in your selling account.
-- Includes the name and address of the manufacturer, distributor, or retailer.
-- Order quantity is sufficient to fulfill the units sold since the invoice date.
C. A retraction from the rights owner to be sent to Amazon directly. You can find the contact information of the rights owner in the listing deactivation communication you have received.

How do I submit this information?
 Go to "Received Intellectual Property Complaints" under the "Product Policy Compliance" section in Account Health:
https://url.us.m.mimecastprotect.com/s/QSjaCo2OkqHKokmyiouoTp9eL5?domain=sellercentral.amazon.com _mpa
Locate the deactivation record for this product listing. Click the "Appeal" button next to the listing deactivation record to submit information necessary to reactivate your listing.

External links are not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff.

These are the rights owner's contact details:
-- Ariel Dor
-- gadmin@maddogconcepts.com

For any other reason, explain to us why you were warned in error so that we can investigate the case.

What happens if I do not provide the requested information?
 If we do not receive the required information, your listings will remain inactive. We reserve the right to destroy the inventory associated with this violation if proof of authenticity is not provided within 60 days. Violating this policy may also result in the loss of selling privileges or other legal consequences.

Rights owner communication: The seller infringes on our registered Trademark, as in our Product Detail Page.

ASIN: B07FB846W7
Complaint ID: 17093058641
Trademark asserted: 5208794
<mark>Infringement type: Counterfeit</mark>

51.     The above report relates to a Hot Feet Product, which is referenced by its Amazon Standard Identification Numbers ("ASIN").

52.     The Hot Feet Product identified in the above report was not counterfeit.

53.     The Hot Feet Product identified in the above report was manufactured and distributed by Hot Feet.

54.     Prior to filing the above report, Defendants knew, or should have known, that the Hot Feet Product sold by Plaintiff FTP were not counterfeit and did not infringe the above cited Hot Feet Registration.

55.     Defendants' allegation that the above Hot Feet Product was counterfeit was knowingly false and made in bad faith.

56.     Defendants submitted numerous additional false "counterfeit" reports to Amazon concerning Plaintiff FTP, including the following:

| ASIN | Complaint ID |
|---|---|
| B07FB846W7 | 17093058641 |
| B089BNH9PN | 17093175831 |
| B089BZ32N9 | 17093220531 |
| B07HFJZZLL | 17093049111 |
| B07HFKPRVP | 17093328881 |
| B07R2DYC2N | 17093158241 |
| B07R3F8Z63 | 17093501151 |
| B089C29MFK | 17093265201 |
| B083PS2ZH6 | 17093163991 |
| B07HFKTQTL | 17093440551 |
| B07HFJJPN7 | 17093446871 |
| B07FB7BXT5 | 17093342841 |

57.     The Hot Feet Products identified in the above reports were not counterfeit.

58.    The Hot Feet Products identified in the above reports were manufactured and distributed by Hot Feet.

59.    Prior to filing the above reports, Defendants knew, or should have known, that the Hot Feet Products sold by Plaintiff FTP were not counterfeit and did not infringe the above cited Hot Feet Registration.

60.    Defendants' allegations that the above Hot Feet Products were counterfeit were knowingly false and made in bad faith.

<u>**Reports Concerning Plaintiff 1984 Group**</u>

61.    Plaintiff 1984 Group received a notice from Amazon stating as follows:

## amazon

Hello,

We removed some of your listings because we received a report from a rights owner that they may infringe the rights owner's trademark. The rights-owner communication about the alleged infringement and the listings we removed are at the bottom of this message.

Why did this happen?
We received a report from a rights owner that one or more of your listings are inauthentic. Listing content infringing on the intellectual property of others is against our policies.

How do I reactivate my listing?
Provide the following to reactivate your listings:
A. A letter of authorization or a licensing agreement from the rights owner demonstrating that you possess the right to use the content claimed. The documentation submitted must meet the following criteria.
-- The document includes the name and address of the rights owner.
-- The document includes your name and address, matching the information in your selling account.
-- The document explicitly authorizes you to use the rights owner's intellectual property with your own brand name.
B. An invoice to show that your products are original and are purchased from the rights owners directly or from an authorized distributor and are not infringing the trademark claimed by the rights owner. The documentation submitted must meet the following criteria.
-- Dated before the date of your notice.
-- Includes your name and address, matching the information in your selling account.
-- Includes the name and address of the manufacturer, distributor, or retailer.
-- Order quantity is sufficient to fulfill the units sold since the invoice date.
C. A retraction from the rights owner to be sent to Amazon directly. You can find the contact information of the rights owner in the listing deactivation communication you have received.

How do I submit this information?
Go to "Received Intellectual Property Complaints" under the "Product Policy Compliance" section in Account Health:
https://sellercentral.amazon.com/performance/account/health/policy-warnings?ref=ah_em _mpa
Locate the deactivation record for this product listing. Click the "Appeal" button next to the listing deactivation record to submit information necessary to reactivate your listing.

External links are not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff.

These are the rights owner's contact details:
--       Ariel Dor
-- gadmin@maddogconcepts.com

> For any other reason, explain to us why you were warned in error so that we can investigate the case.
>
> What happens if I do not provide the requested information?
> If we do not receive the required information, your listings will remain inactive. We reserve the right to destroy the inventory associated with this violation if proof of authenticity is not provided within 60 days. Violating this policy may also result in the loss of selling privileges or other legal consequences.
>
> Rights owner communication: The seller infringes on our registered Trademark, as in our Product Detail Page.
> ASIN: B07HFKPRVP
> Complaint ID: 17093328881
> Trademark asserted: 5208794
> Infringement type: Counterfeit

62.     The Hot Feet Product identified in the above report was not counterfeit.

63.     The Hot Feet Product identified in the above report was manufactured and distributed by Hot Feet.

64.     Prior to filing the above report, Defendants knew, or should have known, that the Hot Feet Product sold by Plaintiff 1984 Group was not counterfeit and did not infringe the above cited Hot Feet Registration.

65.     Defendants' allegation that the above Hot Feet Product was counterfeit was knowingly false and made in bad faith.

66.     Defendants submitted numerous additional false "counterfeit" reports to Amazon concerning Plaintiff 1984 Group, including the following:

| ASIN | Complaint ID |
|---|---|
| B07FB846W7 | 17093058641 |
| B07CHYXT9J | 17093454511 |
| B07HFJZZLL | 17093049111 |
| B083PS2ZH6 | 17093163991 |
| B07R2DYC2N | 17093158241 |
| B07R3F8Z63 | 17093501151 |
| B089BZ32N9 | 17093220531 |
| B07HFKPRVP | 17093328881 |
| B07FB7BXT5 | n/a |
| B07HFJJPN7 | n/a |

67.    The Hot Feet Products identified in the above reports were not counterfeit.

68.    The Hot Feet Products identified in the above reports were manufactured and distributed by Hot Feet.

69.    Prior to filing the above report, Defendants knew, or should have known, that the Hot Feet Products sold by Plaintiff 1984 Group were not counterfeit and did not infringe the above cited Hot Feet Registration.

70.    Defendants' allegations that the above Hot Feet Products were counterfeit were knowingly false and made in bad faith.

**DEFENDANTS REPORTS ARE PART OF AN ONGIONG SCHEME**

71.    The above false reports are part of an ongoing and continuous course of conduct by Defendants to interfere with the ability of third-party sellers, like Plaintiffs, to resell Hot Feet Products.

72.    On information and belief, Defendants have submitted numerous reports targeting sales of genuine Hot Feet Products by third-party sellers on Amazon.

73.    The purpose of Defendants knowingly false reports is to eliminate competition on Amazon such that Defendants can unlawfully manipulate and control the price for Hot Feet Products on Amazon.

74.    Plaintiff contacted Defendants regarding the above reports and requested a retraction of the reports.

75.    Defendants did not respond.

**HARM TO PLAINTIFFS**

76.    As a result of the above false rights complaints, Plaintiffs' listings relating to Hot Feet Products were suspended, resulting in an immediate loss of revenue.

77.     It is well-known that complaints to Amazon put Amazon sellers in jeopardy of a full selling suspension, meaning that Plaintiffs' ability to sell any and all products on Amazon would be lost.

78.     On information and belief, Defendants were aware that complaints to Amazon, particularly those alleging trademark infringement, result in selling suspensions.

79.     As a result of the above false rights complaints, Plaintiff FTP's entire account was suspended, resulting in an immediate loss of revenue.

80.     On information and belief, Defendants have used these same tactics, namely filing false infringement complaints, against other Amazon sellers.

81.     At no time have Plaintiffs ever sold Hot Feet Products that infringed any of Defendants' intellectual property or other legal rights.

82.     The Hot Feet Products sold by Plaintiffs were, at all times, authentic products bearing the name of the manufacturer, and were otherwise, at all times, sold lawfully.

83.     Defendants knowingly made false intellectual property rights complaints against Plaintiffs.

84.     Upon information and belief, the true purpose of these complaints was to ensure the suspension of Plaintiffs' marketplace listings, control pricing, and eliminate fair competition.

85.     As a result of Defendants' false complaints, Plaintiffs' performance metrics were irreparably damaged.

86.     It is well-known that as much as 90% of all Amazon sales occur from Amazon's "buy box," a section of an Amazon product detail page where customers can add a product to their cart.

87.     Amazon determines which seller gets the "buy box" based on a number of factors, including the seller's performance metrics.

88.     Defendants' false complaints have damaged Plaintiffs' metrics and caused Plaintiffs to lose the "buy box" on many of its product listings.

## COUNT I - DECLARATORY JUDGMENT
(No Trademark Infringement)

89.     Plaintiffs reallege and incorporates all previous paragraphs.

90.     Defendants manufacture and distribute Hot Feet Products and place such products into the stream of commerce.

91.     Plaintiffs stock, display, and resell new, genuine Hot Feet Products, each bearing a true mark.

92.     Defendants have submitted one or more complaints to Amazon that state that Plaintiffs sold counterfeit Hot Feet Products that infringed, *inter alia*, the Hot Feet Registration.

93.     The Hot Feet Products sold by Plaintiffs were not counterfeit.

94.     On information and belief, prior to the time that Defendants submitted their complaints to Amazon, Defendants did not purchase or examine the Hot Feet Products offered for sale by Plaintiffs.

95.     Defendants' complaints caused the suspension of Plaintiffs' selling privileges as they relate to Hot Feet Products.

96.     As a result of the suspension of Plaintiffs' selling privileges, Plaintiffs were unable to sell inventory of Hot Feet Products on the Amazon.com platform.

97.     Defendants' complaints put Plaintiffs in jeopardy of permanent suspension of all selling privileges, which will cause extraordinary, irreparable, and untold damage on a business that is in the virtually exclusive business of selling products on e-commerce platforms.

98.     Under these facts, an actual controversy exists between Plaintiffs and Defendants.

99.     Plaintiffs are entitled to a declaratory judgment that it has not violated Defendants' trademark rights or other rights, whether under Federal or State law.

## COUNT II – DEFAMATION

100.    Plaintiffs reallege and incorporate all previous paragraphs.

101.    Defendants published false statements to Amazon regarding Plaintiffs as described in this Complaint, including reporting to Amazon that Plaintiffs' Hot Feet Products infringed the Hot Feet Registration.

102.    Plaintiffs did not infringe the Hot Feet Registration.

103.    Defendants' false statements were injurious to Plaintiffs' business because they caused Amazon to suspend Plaintiffs' selling privileges related to Hot Feet Products.

104.    Defendants' false statements were injurious to Plaintiffs' business because they caused Amazon's and Plaintiffs' customers to avoid purchasing products from Plaintiffs.

105.    Upon information and belief, Defendants were, at a minimum, negligent in making the false statements to Amazon because, among other things, Defendants knew that Plaintiffs sell genuine products.

106.    Defendants' false statements are not protected by any privilege.

107.    Defendants acted with actual malice or with reckless disregard for the truth of the matter contained in Defendants' false statements to Amazon and Plaintiffs' customers.

108.    False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation per se.

109.    Here, Defendants published statements that Plaintiffs were engaged in trademark counterfeiting.

110.    Defendants' false statements constitute defamation *per se*.

111.    Additionally, Plaintiffs incurred special harm, including, but not limited to, suspension from selling Hot Feet Products and damage to their relationship with Amazon and its customers.

112.    Whether by defamation per se or by special harm, Plaintiffs have suffered injury as Plaintiffs' selling privileges related to Hot Feet Products have been suspended and Plaintiffs have lost sales of Hot Feet Products and many other products.

113.    Plaintiffs are entitled to damages, costs, and fees as allowed by law.

114.    Plaintiffs have suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

**COUNT III – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**

115.    Plaintiffs reallege and incorporate all previous paragraphs.

116.    Plaintiffs had an advantageous business relationship with Amazon, which allows Plaintiffs to sell on Amazon's e-commerce platform as a third-party seller.

117.    Plaintiffs are also in a contractual relationship with Amazon.  Specifically, Plaintiffs have entered into the Amazon Services Business Solutions Agreement ("BSA") with Amazon.

118.    The BSA, including Paragraph S-1.2: (1) allows Plaintiffs to list products for sale on the Amazon marketplace and promote the products; and (2) requires that Amazon process orders and remit payment to Plaintiffs for sales.

119.    At all relevant times, Defendants were aware of Plaintiffs' business relationship with Amazon, as well as Plaintiffs' contractual relationship with Amazon.

120.    At all relevant times, Defendants were aware of the terms and conditions of Amazon's BSA and related policies, as well as the advantageous business relationship that comes with being an Amazon seller.

121.    Defendants intentionally and improperly interfered with Plaintiffs' advantageous relationship with Amazon by complaining, in writing, to Amazon, that Plaintiffs were selling infringing products.

122.    Defendants' conduct directly and proximately caused disruption of Plaintiffs' relationship with Amazon.

123.    Defendants intended to cause Amazon to suspend Plaintiffs' ability to sell Hot Feet Products on Amazon and therefore interfere with the business relationship Amazon had with Plaintiffs.

124.    Defendants had actual knowledge that their actions would cause Amazon to suspend Plaintiffs' ability to sell Hot Feet Products on Amazon.

125.    Defendants' accusations of infringement, made directly to Amazon, were for the improper purpose of suppressing competition.

126.    Defendants' actions interfered with Plaintiffs' business relationship with Amazon and proximately caused Plaintiffs' listings of Hot Feet Products to be suspended.

127.    Defendants' actions interfered with Plaintiffs' business relationship with Amazon and proximately caused the suspension of Plaintiffs' selling privileges.

128.    The intentions of Defendants are demonstrated by the fact that Defendants did not perform any test purchases prior to alleging that the products sold by Plaintiffs were inauthentic.

129.    The intentions of Defendants are demonstrated by the fact that Defendants have never offered any coherent explanation for their reports of trademark infringement.

130.    Defendants' accusations were false and were made maliciously and with ill will.

131.    Plaintiffs has been damaged by suspension of these listings by losing revenue related to Hot Feet Products.

132.     Plaintiffs are entitled to damages, costs, and attorneys' fees as allowed by law.

133.     Plaintiffs have suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray for judgment as follows:

A.     An order declaring that Plaintiffs have not infringed any valid and enforceable intellectual property right owned by Defendants, including the Hot Feet Registration;

B.     Preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, successors and assigns, and all others in concert and privity with Defendants, from filing complaints with Amazon and any other e-commerce platform.

C.     Injunctive relief requiring Defendants to rescind all complaints that they have filed against Plaintiffs;

D.     An award of all damages that Plaintiffs have suffered as a result of Defendants' defamation;

E.     An award of all damages that Plaintiffs have suffered as a result of Defendants' tortious interference with business relations;

F.     An award of all costs and fees incurred in this Action; and

G.     Such other and further relief as the Court shall find just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Dated: February 27, 2025                    Respectfully submitted,

                                            TARTER KRINSKY & DROGIN LLP

                                    By:  */s/ Eliezer Lekht*
                                         Eliezer Lekht (Atty ID 2303140012)
                                         1350 Broadway
                                         New York, NY  10018
                                         Tel.:    (212) 216-8000
                                         Fax:     (212) 216-8001
                                         E-mail: elekht@tarterkrinsky.com

                                         *Attorneys for Plaintiffs*