UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
Chief United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

October 15, 2026

MEMORANDUM TO PARTIES RE: Faster Than Prime, et al. v. Mad Dog LLC, et al.
Civil Action No. GLR-25-652

Dear Parties:

Pending before the Court are Plaintiffs Faster Than Prime ("FTP") and 1984 Group LLC's ("1984 Group") (together, "Plaintiffs") Motions for Attorneys' Fees (ECF Nos. 24–25). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2025). For the reasons set forth below, the Court will deny the Motions without prejudice.

**Factual Background**

The Court previously outlined the facts of this case as follows:

> This action arises out of allegedly false submissions of intellectual property ("IP") claims by Defendant [Mad Dog LLC d/b/a Hot Feet ("Hot Feet")]. (Compl. ¶ 2, ECF No. 1). Plaintiffs FTP and 1984 Group "are in the business of lawfully acquiring and re-selling various consumer products for profit." (Id. ¶ 17). Hot Feet is "in the business of manufacturing and distributing apparel products, including products sold under the Hot Feet" trademark. (Id. ¶ 14). Plaintiffs allege that Hot Feet, with the assistance of [Defendant Ariel Dor], a Hot Feet affiliate, submitted numerous false IP infringement claims to Amazon that accused Plaintiffs of selling counterfeit Hot Feet socks and restricted Plaintiffs' ability to sell products on Amazon. (Mem. L. Supp. Pls.' Mot. Default J. ["Mot."] at 5, ECF No. 14; Compl. ¶¶ 8, 79, 95–97).[1]
>
> Plaintiffs allege that [Hot Feet and Dor's (together, "Defendants")] actions restricted Plaintiffs' ability to sell Hot Feet socks, damaged their relationship with their customers and Amazon, caused deactivation of listings and, in FTP's case, suspension of their entire Amazon seller account. (Mot. at 5; Compl. ¶¶ 76–79, 95–97, 103–04, 111–12, 126–27). Subsequently, Plaintiffs assert that these false

[1] Citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

> reports constitute an actual controversy between the parties and seek to clear their name. (Compl. ¶ 92, 98). As such, Plaintiffs seek (1) a declaration from the Court that they have not violated Defendants' trademark rights or other rights under federal or state law, (2) injunctive relief, and (3) monetary damages. (Id. at 20; Mot. at 5).
>
> Plaintiffs filed their Complaint on February 27, 2025. (ECF No. 1). Defendants failed to respond, so on March 27, 2025, Plaintiffs filed a Motion Requesting Entry of Default (ECF No. 8), which the Court granted on March 28, 2025, (ECF Nos. 9–12). On May 12, 2025, Plaintiffs filed a Motion for Default Judgment. (ECF No. 14).

(Nov. 24, 2025 Letter Order at 1–2, ECF No. 17). The Court granted Plaintiffs' Motion for Default Judgment on November 24, 2025. (ECF No. 17). In its November 24, 2025 Order, the Court granted Plaintiffs' request for declaratory relief, denied their request for injunctive relief, and ordered them to provide additional information as to monetary damages and to file a petition for attorneys' fees and costs. (Nov. 24, 2025 Letter Order at 6–7).

On January 23, 2026, Plaintiffs filed a Supplemental Memorandum of Law in Response to the Court's Order Dated November 24, 2025. (ECF No. 22). In their Supplemental Memorandum, Plaintiffs provided additional information pertaining to their request for monetary damages and asked the Court to enter a judgment entitling FTP to recover $13,319.00 in attorneys' fees and costs and entitling 1984 Group to recover $12,060.50 in attorneys' fees and costs. (Suppl. Mem. L. Resp. Ct.'s Order Dated Nov. 24, 2025 at 2–7, ECF No. 22). On August 14, 2026, the Court issued an Order finding that Plaintiffs had provided adequate information to support their request for monetary damages and ordering them to further supplement their requests for attorneys' fees and costs by providing billing records containing, at minimum, the services performed by counsel, date of service, hourly rate, and duration of each task. (Aug. 14, 2026 Order at 1–2, ECF No. 23). Plaintiffs filed the instant Motions for Attorneys' Fees on August 28, 2026. (ECF Nos. 24–25). FTP now requests $18,119.00 in attorneys' fees, (Decl. Gregory E. Purdy Supp. Faster Than Prime's Claim Att'ys' Fees ["Purdy Decl."] ¶ 6, ECF No. 25), and 1984 Group requests $18,155.50 in attorneys' fees, (Decl. Stephen Farrell Supp. 1984 Group LLC's Claim Att'ys' Fees ["Farrell Decl."] ¶ 6, ECF No. 24). To date, Defendants have not filed an opposition.

**Standard of Review**

FTP asserts that it has incurred attorneys' fees in the amount of $18,119.00. (Purdy Decl. ¶ 6). 1984 Group asserts that it has incurred attorneys' fees in the amount of $18,155.50. (Farrell Decl. ¶ 6). As support, FTP has filed a declaration of its sole proprietor, Gregory Purdy; 1984 Group has filed a declaration of its President, Stephen Farrell; and each Plaintiff has filed a spreadsheet summarizing the invoices issued to it by the law firm of Tarter Krinsky & Drogin LLP ("TKD") and local counsel Eliezer Lekht, who rendered legal services to both Plaintiffs in connection with this case. (ECF Nos. 24, 24-1, 25, 25-1).

To determine the reasonableness of requested fees and costs, the Court uses the lodestar approach to ascertain "the number of hours reasonably expended on the litigation multiplied by a

reasonable hourly rate." Knightsbridge, LLC v. DKW Commc'ns, Inc., No. PX-19-2381, 2021 WL 593527, at *1 (D.Md. Feb. 16, 2021) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" Piña v. Pakalex Inc., No. TDC-15-638, 2015 WL 7294369, at *3 (D.Md. Nov. 18, 2015) (quoting Riveros v. WWK Constr., Inc., No. PJM-15-193, 2015 WL 5897749, at *4 (D.Md. Oct. 5, 2015)). This Court uses Appendix B to the Local Rules as a reference for rates that are presumptively reasonable. Id. Further, the Fourth Circuit has recognized the following factors to consider in determining reasonableness:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney[s'] opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney[s'] expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Robinson v. Equifax Info. Servs., 560 F.3d 235, 243–44 (4th Cir. 2009) (citations omitted). The Court is not required to analyze each factor individually or even examine every factor but may instead consider the factors as a whole. Martin v. Mecklenburg Cnty., 151 F.App'x. 275, 283 (4th Cir. 2005). Ultimately, the plaintiff has the burden of demonstrating that the requested fees are reasonable. Jones v. Dancel, 792 F.3d 395, 404 (4th Cir. 2015).

**Analysis**

As stated above, FTP requests an attorneys' fees award in the amount of $18,119.00, (Purdy Decl. ¶ 6), and 1984 Group requests an attorneys' fees award in the amount of $18,155.50, (Farrell Decl. ¶ 6). Each Plaintiff states that local counsel Lekht, two TKD attorneys, and one TKD paralegal billed it for services rendered in connection with this case. (Purdy Decl. ¶¶ 4, 7–11; Farrell Decl. ¶¶ 4, 7–11). Lekht billed Plaintiffs at an hourly rate of $450.00. (Purdy Decl. ¶ 7; Farrell Decl. ¶ 7). Mark Berkowitz, a TKD partner, billed Plaintiffs at an hourly rate of $680.00 in 2025 and $730.00 in 2026. (Purdy Decl. ¶ 9; Farrell Decl. ¶ 9). Michael Benzaki, an associate at TKD, billed Plaintiffs at an hourly rate of $550.00 in 2025 and $595.00 in 2026. (Purdy Decl. ¶ 10; Farrell Decl. ¶ 10). According to Plaintiffs, Lehkt, Berkowitz, and Benzaki all have experience in litigating "commercial, e-commerce[,] and intellectual property matters." (Purdy Decl. ¶¶ 7, 9–10; Farrell Decl. ¶¶ 7, 9–10). Finally, Jennifer Doran, a TKD paralegal, billed Plaintiffs at an hourly rate of $365.00. (Purdy Decl. ¶ 11; Farrell Decl. ¶ 11).

The spreadsheets Plaintiffs provided show that Lekht, Berkowitz, Benzaki, and Doran (collectively, "Counsel") billed FTP for a total of 33.00 hours and 1984 Group for a total of 32.90 hours. (FTP Spreadsheet at 4, ECF No. 25-1; 1984 Group Spreadsheet at 5, ECF No. 24-1). The work that Counsel performed in this case includes drafting and revising the Complaint; conferring

with the process server to effect service of the Complaint; reviewing client documents and relevant caselaw; drafting a default judgment motion; responding to the Court's August 25, 2025 Order to show cause why the Court should not dismiss the case for lack of jurisdiction, (ECF No. 15); and responding to the Court's November 24, 2025 and August 14, 2026 Orders to supplement Plaintiffs' requests for monetary damages and attorneys' fees, (see generally FTP Spreadsheet; 1984 Group Spreadsheet).

The Court finds the requested fees unreasonable for two reasons. First, most of the items for which Counsel billed FTP are duplicative of items for which they billed 1984 Group. The duplicative spreadsheet entries make up 31.7 of the hours of work and $17,355.50 of the fees for which FTP seeks an award and 31.6[2] of the hours of work and $17,310.50 of the fees for which 1984 Group seeks an award. (See generally FTP Spreadsheet; 1984 Group Spreadsheet). The Court finds that the approximately thirty-three hours of work for which Counsel billed Plaintiffs is commensurate with the length of time and amount of effort required of counsel in a case of this nature. See Monge v. Portofino Ristorante, 751 F.Supp.2d 789, 800 (D.Md. 2010) (finding that 20.8 hours of work on litigation involving an uncontested default judgment was reasonable where counsel drafted a complaint, two motions for entry of default, and two default judgment motions); Aguirre-Amaya v. Medpacific Flavors, Inc., No. DLB-21-2143, 2024 WL 4732776, at *2 (D.Md. Nov. 8, 2024) (finding that fifty-seven hours of work on litigation involving an uncontested default judgment was reasonable where counsel, among other tasks, investigated and researched the plaintiff's claims, drafted a complaint and motion for default judgment, corresponded with the process server to effect service on the defendant, reviewed filings and directives from the Court, and prepared status reports and requests to the Court). FTP and 1984 Group cannot, however, recover duplicative attorneys' fees for the same work. See Stone v. Automoney, Inc., No. 19-CV-1035, 2020 WL 13582169, at *1 (M.D.N.C. June 11, 2020) ("Should the plaintiffs prevail, no trial court would award attorneys' fees for the same work more than one time, and some sort of allocation between any successful plaintiffs will patently be needed . . . ."); cf. Seoul Broad. Sys., Int'l, Inc. v. Ro, No. 09cv433, 2011 WL 4478566, at *8 (E.D.Va. Sep. 26, 2011) (finding that plaintiffs' counsel were not entitled to recover duplicative attorneys' fees where multiple attorneys billed for the same, overlapping services). The Court would need to allocate the duplicative fees between the Plaintiffs, which it could do. See Monge, 751 F.Supp.2d at 800 ("When entering a default judgment, the Court may make an award of attorney[s'] fees for a lesser amount than the moving party requested."). This brings us, though, to the second deficiency in Plaintiffs' requests.

Second, Plaintiffs have not provided the information necessary for the Court to determine whether the hourly rates charged by Counsel in this case are reasonable. As stated above, this Court uses Appendix B to the Local Rules as a reference to rates that are presumptively reasonable. Piña, 2015 WL 7294369, at *3 (citing Riveros, 2015 WL 5897749, at *4). Appendix B instructs the Court to determine reasonable hourly rates using "declarations, affidavits, stipulations by the parties, or other evidence." Local Rule App. B.3 (D.Md. 2025). It further provides that the

[2] The 0.1-hour discrepancy arises from nearly identical entries in Plaintiffs' spreadsheets of a May 12, 2025 charge by Lekht for work performed "[r]eview[ing] and revis[ing] Brief and proposed order for default." (FTP Spreadsheet at 2, ECF No. 25-1; 1984 Group Spreadsheet at 2, ECF No. 24-1). According to the spreadsheets, Lekht billed FTP for 1.10 hours to complete this work and billed 1984 Group for only 1.00 hour to complete the same work. (FTP Spreadsheet at 2; 1984 Group Spreadsheet at 2).

Fitzpatrick Matrix, an annually adjusted matrix of hourly rates for attorneys with varying years of experience who litigate in federal court in the District of Columbia, may provide a "useful guideline for hourly rates . . . with a reduction of 5% to 20% (to reflect differences between the legal markets in Washington, D.C. and Maryland)." Id.; see U.S. Att'y's Off. for D.C., Civ. Div., The Fitzpatrick Matrix (2026);[3] Schrider v. Devlin Contracting & Maint., Inc., No. BAH-24-2978, 2026 WL 110330, at *5 (D.Md. Jan. 14, 2026) (relying on lawyer affidavits and the Fitzpatrick Matrix in determining reasonableness of hourly rate). The declarations accompanying Plaintiffs' Motions for Attorneys' Fees make no mention of Lekht, Berkowitz, and Benzaki's respective years of legal experience, such that the Court cannot use the Fitzpatrick Matrix as a tool for determining the reasonableness of their hourly rates.[4] (See generally Purdy Decl.; Farrell Decl.). Further, Plaintiffs have provided no other information from which the Court can determine whether the hourly rates charged by Counsel in this case are in line with rates customarily charged by attorneys of like experience for like work. See Robinson, 560 F.3d at 244 ("In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." (quoting Plyler v. Evatt, 902 F.2d 273, 277 (4th Cir. 1990))). Thus, the Court is unable to determine whether the rates charged by Counsel—or, as a result, the attorneys' fees requested by Plaintiffs—are reasonable.

**Conclusion**

For the foregoing reasons, it is hereby ORDERED that Plaintiffs' Motions for Attorneys' Fees (ECF Nos. 24–25) are DENIED without prejudice. The Clerk is directed to MAIL a copy of this memorandum to Defendants' last known addresses and PROVIDE a copy of the same to all counsel of record. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

/s/
George L. Russell, III
Chief United States District Judge

[3] The Fitzpatrick Matrix, current as of 2026, is available at https://www.justice.gov/usao-dc/media/1449156/dl?inline.

[4] With one exception. The Fitzpatrick Matrix's hourly rates for paralegals are not linked to years of experience, such that the Court is able to determine whether the rate charged by Doran is reasonable. The Court finds that it is not. Plaintiffs indicate that Doran billed at an hourly rate of $365.00 for her services. (Purdy Decl. ¶ 11, ECF No. 25; Farrell Decl. ¶ 11, ECF No. 24). Even before factoring in the 5% to 20% reduction suggested by the Local Rules, Doran's hourly rate exceeds the Fitzpatrick Matrix's rates for paralegals: $255.00 per hour in 2025 and $273.00 per hour in 2026. U.S. Att'y's Off. for D.C., Civ. Div., The Fitzpatrick Matrix (2026).